UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JUSTICE CLIMATE FUND,**<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,** *et al.*<br><br>　　　　　　　　　　Defendants. | Civil Action No. 1:25-cv-938 |

**PLAINTIFF JUSTICE CLIMATE FUND'S MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Local Civil Rule 65.1(c), Plaintiff Justice Climate Fund ("JCF") hereby moves for a preliminary injunction against the U.S. Environmental Protection Agency ("EPA"); Lee Zeldin, in his official capacity as Administrator of EPA; W.C. McIntosh, in his official capacity as Acting Deputy Administrator of EPA; and Citibank, N.A. ("Citibank") (collectively, "Defendants").

JCF moves for a preliminary injunction to enjoin EPA, Administrator Zeldin, and Deputy Administrator McIntosh, and others in active concert or participation therewith, from: (1) effectuating EPA's March 11, 2025 "Notice of Termination" as to JCF; (2) unlawfully suspending or terminating JCF's grant award, including by issuing a Notice of Exclusive Control, effectuating the Notice of Termination, or limiting access to funds in accounts established in connection with JCF's grant, except as permitted in accordance with the applicable Account Control Agreement

1

("ACA") with Citibank, the grant awards, and applicable law; or (3) directly or indirectly impeding Citibank or causing Citibank to deny, obstruct, delay, or otherwise limit access to funds in accounts established in connection with JCF's grant, except as permitted under the terms of the applicable ACA, grant award, and applicable law.

JCF also seeks a preliminary injunction enjoining Defendant Citibank from (1) violating its obligations under JCF's ACA, including by failing to process, disburse, and release funds in accounts established in connection with JCF's grant, in accordance with JCF's ACA, both with respect to requests already submitted and future requests; and (2) transferring or otherwise moving funds out of accounts established in connection with JCF's grant, except at the direction of JCF or its subgrantees, as permitted under the applicable ACA.

As set forth in more detail in the accompanying Memorandum of Law, and in the Memorandum of Law filed by plaintiffs in *Climate United Fund v. Citibank*, No. 25-cv-698 in support of their motion for a preliminary injunction (Dkt. 33-1), JCF has a strong likelihood of success on its claim that EPA's actions are arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law under the Administrative Procedure Act. JCF also has a strong likelihood of success on its claim that EPA's actions violate the Appropriations and Due Process Clauses of the U.S. Constitution. In addition, JCF has a strong likelihood of success on its claim against Citibank for breach of contract. A preliminary injunction is appropriate because JCF faces irreparable harm if it does not obtain injunctive relief to enjoin Defendants' unlawful conduct; the injury to JCF outweighs any harm to Defendants from an injunction; and the public interest is best served by requiring Defendants to stop preventing access to funds in accounts established in connection with JCF's grant.

Dated: April 2, 2025	Respectfully submitted,

/s/ Eric Citron
Eric F. Citron (D.D.C. Bar ID 1001069)
Kathleen Foley*
Zimmer, Citron & Clarke LLP
1629 K Street NW
Suite 300
Washington, DC 20006
Tel.: (202) 796-4540
ecitron@zimmercitronclarke.com
kfoley@zimmercitronclarke.com

David J. Zimmer*
Zimmer, Citron & Clarke LLP
130 Bishop Allen Drive
Cambridge, MA 02139
Tel.: (617) 676-9421
dzimmer@zimmercitronclarke.com

* *Pro hac vice* application forthcoming.

Attorneys for Plaintiff Justice Climate Fund